**IN THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TIFFANY PENTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STEVEN SHAER KHOSHABA, and METRO PARCEL )<br>FREIGHT, INC., )<br>)<br>Defendants. ) | No. 2018-CV-1385 |

## COMPLAINT

NOW COMES the Plaintiff, Tiffany Penton, by her attorney, Mark D. Prince, of Prince Law Firm, and for her Complaint against the Defendants, Steven Shaer Khoshaba and Metro Parcel Freight, Inc., states as follows:

## PARTIES

1. The Plaintiff, Tiffany Penton, is a citizen and resident of the State of Illinois.

2. The Defendant, Steven Shaer Khoshaba, is a citizen and resident of the State of Michigan.

3. The Defendant, Metro Parcel Freight, Inc. (hereafter "Metro"), is a citizen and resident of the State of Michigan and has its principal place of business in the State of Michigan.

## JURISDICTION

4. Jurisdiction is proper in this Court because there is diversity of citizenship and the amount in controversy exceeds $75,000.00 as required by 28 USC §1332.

## VENUE

5. Venue is proper in this Court because this collison occurred in Pulaski County, Illinois, which is within the Southern District of Illinois.

## COMMON FACTS TO ALL COUNTS

6. On June 10, 2017, at approximately 3:16 a.m., the Plaintiff was driving her car in a southerly direction in the right lane on Interstate 57 approximately 262 feet north of CR-7  near milepost 18) in Pulaski County, Illinois.

7. At the same time, Defendant Khoshaba was driving his semi-tractor, in the same direction and in the same traffic lane as the Plaintiff and was traveling behind Plaintiff.

8. Defendant drove his semi-tractor into the rear of the Plaintiff's car.

9. At the time of this collision, Interstate 57 was a general north-south interstate.  The southbound lane of Interstate 57 consisted of two lanes.

10. As Defendant Khoshaba approached the rear of the Plaintiff's vehicle, he did not reduce his speed.

11. As Defendant Khoshaba approached the rear of the Plaintiff's vehicle, he did not adjust his speed to maintain a safe distance between the front of his semi and the rear of the Plaintiff's car.

12. As Defendant Khoshaba approached the rear of the Plaintiff's vehicle, he did not switch into the other lane of southbound Interstate 57 even though there was not any traffic present in such lane that would have prevented the lane switch.

13. In the approximate half-mile before the point where this collision happened, southbound Interstate 57 was straight.

14. At the time of this collision, visibility was clear.

15. At and before the collision, the Plaintiff had her headlights on.

16. At all times herein, Defendant Metro employed Defendant Khoshaba as a commercial truck driver.

17. At all times herein, Defendant Khohsaba was acting in the course and within the scope of his employment with Defendant Metro.

## COUNT ONE
### (Penton v. Khoshaba)

18. All prior paragraphs and allegations are incorporated herein by reference.

19. At said time and place, Defendant Khoshaba was negligent in one or more of the following ways:

   A. Failed to maintain a proper lookout for other vehicles on the roadway;

   B. Failed to maintain proper control of his vehicle so as to avoid striking other vehicles on the roadway;

   C. Drove his vehicle at a rate of speed which was too fast for the conditions then and there present, contrary to and in violation of 625 ILCS 5/11-601(a);

   D. Failed to reduce his speed to avoid an accident, contrary to and in violation of 625 ILCS 5/11-601(a);

   E. Followed the Plaintiff's vehicle more closely than was reasonable and prudent given the traffic conditions, contrary to and in violation of 625 ILCS 5/11-710;

      F.     Failed to switch lanes to avoid the Plaintiff's car.

20. As a direct and proximate result of one or more of the foregoing negligent acts or omissions to act on the part of the Defendant, the front of Defendant Khoshaba's semi tractor-trailer car struck the rear of the vehicle driven by the Plaintiff.

21. As a further direct and proximate result of one or more of the foregoing negligent acts or omissions to act on the part of the Defendant, the Plaintiff sustained permanent personal injury; has endured, and will continue to endure, pain, suffering, and a loss of normal life; has incurred, and will continue to incur, medical expenses in an effort to be cured of said injuries; and has lost wages which would have otherwise been earned.

WHEREFORE, the Plaintiff prays that the Court enter judgment on this count in her favor and against the Defendant in amount in excess of $75,000.00, plus costs of suit.

      By:    /s Mark D. Prince
                  Mark D. Prince
                  Attorney for Plaintiff

### COUNT TWO
### (Penton v. Metro-respondeat superior)

22. All prior paragraphs and allegations are incorporated herein by reference.

23. At said time and place, Defendant Metro, by and through its agents, servants, and employees, including Defendant Khoshaba, was negligent in one or more of the following ways:

      A.     Failed to maintain a proper lookout for other vehicles on the roadway;

      B.     Failed to maintain proper control of his vehicle so as to avoid striking other vehicles on the roadway;

      C.     Drove his vehicle at a rate of speed which was too fast for the conditions then and there present, contrary to and in violation of 625 ILCS 5/11-601(a);

      D.     Failed to reduce his speed to avoid an accident, contrary to and in violation of 625 ILCS 5/11-601(a);

      E.     Followed the Plaintiff's vehicle more closely than was reasonable and prudent given the traffic conditions, contrary to and in violation of 625 ILCS 5/11-710;

      F.     Failed to switch lanes to avoid the Plaintiff's car.

24. As a direct and proximate result of one or more of the foregoing negligent acts or omissions to act on the part of the Defendant, the front of Defendant Khoshaba's semi tractor-trailer car struck the rear of the vehicle driven by the Plaintiff.

25. As a further direct and proximate result of one or more of the foregoing negligent acts or omissions to act on the part of the Defendant, the Plaintiff sustained permanent personal injury; has endured, and will continue to endure, pain, suffering, and a loss of normal life; has incurred, and will continue to incur, medical expenses in an effort to be cured of said injuries; and has lost wages which would have otherwise been earned.

WHEREFORE, the Plaintiff prays that the Court enter judgment on this count in her favor and against the Defendant in amount in excess of $10,000,000.00, plus costs of suit.

By:  /s Mark D. Prince
Mark D. Prince
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

By:  /s Mark D. Prince
Mark D. Prince
Attorney for Plaintiff

PRINCE LAW FIRM
404 N. Monroe Street
P.O. Box 1050
Marion, IL 62959
Tel:  618-997-2111
Fax:  618-997-2555
mdprince@princelawfirm.net
www.princelawfirm.net