IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIFFANY PENTON, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN SHAER KHOSHABA and METRO PARCEL FREIGHT, INC., <br><br> Defendants/Third-Party Plaintiffs, <br><br> v. <br><br> MISSOURI FIESTA, INC., <br><br> Third-Party Defendant. | Case No. 18- cv-1385 |

### THIRD-PARTY COMPLAINT FOR CONTRIBUTION

NOW COME Defendants/Third-Party Plaintiffs, STEVEN SHAER KHOSHABA and METRO PARCEL FREIGHT, INC., ("Third-Party Plaintiffs) by and through their attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, and for their Third-Party Complaint for Contribution against Third-Party Defendants, MISSOURI FIESTA, INC., ("Third-Party Defendant") state as follows:

### PARTIES

1. The Plaintiff, Tiffany Penton, ("Plaintiff") is a citizen and resident of the State of Illinois.

2. Defendant/Third-Party Plaintiff Steven Shaer Khoshaba, is a citizen and resident of the State of Michigan.

3. Defendant/Third-Party Plaintiff Metro Parcel Freight, Inc. is a corporation organized and existing under the laws of the state of Michigan and maintains its principal place of business in Sterling Heights, Michigan.

4. Third-Party Defendant Missouri Fiesta, Inc. is a corporation organized and existing under the laws of the state of Missouri and maintains its principle place of business at 405 W. Hwy 50 Suite 500 in Union Missouri, 63084. Third-Party Defendant is a franchisee of Taco Bell Corporation.

## NATURE OF THE CASE/RELEVANT PROCEDURAL HISTORY

5. On August 1, 2018 Plaintiff filed her amended complaint seeking damages for alleged injuries sustain in a motor vehicle accident involving Third-Party Plaintiffs on or about June 10, 2017.  Doc. 9.

6. On October 18, 2019 AMCO Insurance Company ("AMCO") filed an intervenor complaint seeking to recover workers' compensation payments issued to Plaintiff.  Doc. 27.

7. On or about December 15, 2016 Plaintiff began her employment with Missouri Fiesta, Inc.

8. The employment application Plaintiff was required to fill out by Third-Party Defendant did not request any information regarding past driving experience, or the applicant's ability to operate a motor vehicle legally on Illinois roadways.

9. On or about December 15, 2016 Plaintiff failed to provide a valid driver's license to Third-Party Defendant upon her hiring.

10. On or about December 15, 2016 Third-Party Defendant did not request or require a copy of a valid driver's license from Plaintiff.

11. Plaintiff was employed by Third-Party Defendant on or about June 10, 2017, the date of the subject motor vehicle accident.

12. AMCO's October 18, 2019 Complaint admitted that at all relevant times, including on or about June 10, 2017 Plaintiff was acting within the scope of her employment with Missouri Fiesta, Inc. ¶ 7 Doc. 8.

13. On or about June 10, 2017, Plaintiff was ordered by Third-Party Defendant's agent, Kizer Sterbinksy, to drive from her home in Springfield, Illinois to Duqoin, Illinois for purposes of working at a local Taco Bell in Duqoin Illinois.

14. On or about June 10, 2017, Plaintiff did not have a valid driver's license.

15. On or about June 10, 2017, Plaintiff was operating a motor vehicle illegally on an Illinois roadway.

16. On or about June 10, 2017, Plaintiff was operating a motor vehicle within the scope of her employment.

17. On or about June 10, 2017, Plaintiff was operating a motor vehicle at the direction of her employer.

18. On or about June 10, 2017 Third-Party Defendant never confirmed with Plaintiff that she had a valid driver's license.

19. On or about June 10, 2017 Third-Party Defendant was aware that Plaintiff did not have a valid driver's license.

20. Third-Party Defendant did not have a reasonable belief that Plaintiff was able to operate a motor vehicle on or about June 10, 2017.

21. At all times relevant, Plaintiff was under the direction, supervision and control of Third-Party Defendant and/or third-party Defendant's agents.

22. At said time and place alleged in Plaintiff's First Amended Complaint at Law, there was in full force in effect time in the State of Illinois a statute, the Joint Tortfeasor's Contribution

Act 740 ILCS 100/0.0 et. seq, which provides among other things, a right of contribution among Joint Tortfeasors.

### THIRD-PARTY CLAIM COUNT I- NEGLIGENT HIRING

23. Third-Party Plaintiff's re-assert the allegations of ¶¶ 1-22 as though fully pled herein.

24. One of Plaintiff's employment responsibilities include driving to various Taco Bell locations owned by Third-Party Defendant.

25. Third-Party Defendant negligently hired Plaintiff when Third-Party Defendants failed to confirm whether Plaintiff held a valid driver's license at any time prior to, or during her employment with Third-Party Defendant.

26. Third-Party Defendants acted unreasonably when it hired and employed Plaintiff without confirming whether she had a valid driver's license.

27. At all times relevant, Third-Party Defendant was aware that part of Plaintiff's job requirement would be to drive to different Taco Bell locations owned by Third-Party Defendant.

28. It is foreseeable that an unlicensed driver violating the Illinois rules of the road would beat a greater risk of causing or contributing to a motor vehicle accident.

29. Despite this knowledge, Third-Party Defendant continued to employee an unlicensed driver and placed her on Illinois roadways and in so failed to follow other Illinois rules of the road and in doing so failed to exercise reasonable care in hiring Plaintiff.

30. As a direct and proximate result of Third-Party Defendant's negligence, Plaintiff caused and or contributed to a motor vehicle accident with the Third-Party Plaintiffs.

### THIRD-PARTY CLAIM COUNT II- NEGLIGENT SUPERVISION

31. Third-Party Plaintiff's re-assert the allegations of ¶¶ 1-30 as though fully pled herein.

32. At all times relevant, Plaintiff was employed by, and/or was an agent of Third-Party Defendants.

33. At all times relevant, Third-Party Defendant caused Plaintiff to operate a motor vehicle as part of her regular duties.

34. At all times relevant, Plaintiff was operating a motor vehicle within the scope of her employment with Third-Party Defendant.

35. At all times relevant, Plaintiff was operating a motor vehicle illegally in the state of Illinois.

36. Third-Party Defendant had a duty to supervise Plaintiff while she was in the course and scope of her employment.

37. Third-Party Defendant breached that duty by failing to exercise ordinary care in supervising Plaintiff on or about June 10, 2017 when they caused Plaintiff to operate a motor vehicle without a valid driver's license.

38. As a direct and proximate result of Third-Party Defendant's negligence, Plaintiff was involved in a motor vehicle accident with the Third-Party Plaintiffs.

### THIRD-PARTY CLAIM COUNT III NEGLIGENT ENTRUSTMENT

39. Third-Party Plaintiff's re-assert the allegations of ¶¶ 1-37 as though fully pled herein.

40. On or about June 10, 2017 Third-Party Defendant knew or should have known that Plaintiff was not legally allowed to operate a motor vehicle on Illinois roadways.

41. As a direct and proximate result of Third-Party Defendant's negligence, Plaintiff was involved in a motor vehicle accident with the Third-Party Plaintiffs

### THIRD-PARTY CLAIM COUNT IV NEGLIGENT RETENTION

42. Third-Party Plaintiff's re-assert the allegations of ¶¶ 1-41 as though fully pled herein.

43. Before June 10, 2017 Third-Party Defendant knew or should have known that Plaintiff did not have a valid driver's license.

44. Despite the knowledge that Plaintiff did not have a valid driver's license, Third-Party Defendant continued to employee Plaintiff in a position which required use of a driver's license.

45. As a direct and proximate result of Third-Party Defendant's negligence, Plaintiff was involved in a motor vehicle accident with the Third-Party Plaintiffs

WHEREFORE, the Defendant/Third-Party Plaintiffs STEVEN SHAER KHOSHABA and METRO PARCEL FREIGHT, INC. demand that in the event judgment is entered against them, on Plaintiff's First Amended Complaint at Law, then judgment should be entered against Third-Party Defendant MISSOURI FIESTA, INC., for its pro rate share of liability pursuant to the Illinois Joint Tortfeasor's Act to the fullest extent allowed by law.  In the alternative, Defendant/Third-Party Plaintiffs STEVEN SHAER KHOSHABA and METRO PARCEL FREIGHT, INC. prays for judgment against the Third-Party Defendant MISSOURI FIESTA, INC., in an amount equal to its pro-rata share of the liability as a whole.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

By: /s/ Justin Dobek
     Attorneys for Third-Party Plaintiffs
     Steven Shaer Khoshaba and
     Metro Parcel Freight, Inc.

Kathleen McDonough ARDC No. 6229813
kathleen.mcdonough@wilsonelser.com
Justin Dobek ARDC No. 6320543
justin.dobek@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
55 W. Monroe Street, Suite 3800
Chicago, IL 60603-5001
T. (312) 704-0550 | F. (312) 704-1522

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on November 21, 2019, he caused the foregoing to be filed with the court by electronic filing protocols using the CM/ECF system, and that a copy of the same will therefore be electronically served upon all attorneys of record registered with the court's CM/ECF system.

*/s/ Justin Dobek*