IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIFFANY PENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STEVEN SHAER KHOSHABA, METRO PARCEL FREIGHT, INC, | ) |
| | ) |
| Defendants, | ) CASE NO. 18-CV-1385-RJD |
| | ) |
| AMCO INSURANCE COMPANY, | ) |
| | ) |
| Intervenor, | ) |
| | ) |
| METRO PARCEL FREIGHT, INC., STEVEN SHAER SKOSHABA, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MISSOURI FIESTA, INC. | ) |
| | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion to Dismiss (Doc. 62) filed by Third-Party Defendant Missouri Fiesta, Inc. Third-Party Plaintiffs filed a response (Doc. 70). Third-Party Defendant filed a reply (Doc. 71).

### Background

On July 13, 2018, Plaintiff Tiffany Penton filed this action seeking damages for alleged injuries sustained in an automobile accident that occurred on June 10, 2017 (Doc. 1). On the date

of the accident, Plaintiff was driving from her home in Springfield, Illinois to Du Quoin, Illinois for purposes of working at a local Taco Bell in Du Quoin, Illinois (Doc. 58 at 3). Defendant Khoshaba was driving a semi-tractor that collided with Plaintiff (Doc. 12). Khoshaba was employed by Defendant Metro Parcel Freight, Inc. (Id.). Plaintiff was employed by Missouri Fiesta, Inc., a franchisee of Taco Bell fast food restaurants at the time of the accident (Doc. 53-1).

On October 18, 2018, AMCO Insurance Company filed a Complaint in Intervention alleging Missouri Fiesta, Inc. maintained an active policy of workers' compensation insurance at the time (Doc. 27). AMCO alleges Plaintiff was acting within the course and scope of her employment[1] at the time of the accident and pursuant to the provisions of its insurance policy, AMCO was obligated to pay workers' compensation benefits to or on behalf of Plaintiff (Id.). AMCO seeks reimbursement for its workers' compensation payments to Plaintiff in the amount of $479,021.27 as well as a future credit for any continuing workers' compensation benefits yet to be paid (Id.).

On November 21, 2019, Defendants Khoshaba and Metro filed a Third-Party Complaint for Contribution against Missouri Fiesta, Inc. (Doc. 58). The four-count Complaint alleges Third-Party Defendant Missouri Fiesta, Inc. negligently hired, supervised, entrusted, and retained Plaintiff when it failed to ensure Plaintiff maintained a valid driver's license (Id.). Third-Party Defendant filed a Motion to Dismiss for Failure to State a Claim (Doc. 62).

**Legal Standard**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations

---

[1] The Court accepts as true the facts as alleged but takes judicial notice that the location of the accident (southerly direction in the right lane on Interstate 57 near milepost 18 in Pulaski County, Illinois) is more than 50 miles south of Plaintiff's employment destination in Du Quoin, Illinois.

in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

**Analysis**

Third-Party Defendant Missouri Fiesta argues Third-Party Plaintiffs have failed to establish a duty or any causal connection between any such duty and Khoshaba rear-ending Penton on the interstate. Third-Party Plaintiffs argue Missouri Fiesta had a duty to investigate whether Plaintiff had a valid driver's license prior to ordering her to travel from Springfield, IL to Du Quoin, IL to work at a Missouri Fiesta Taco Bell location.

**Count I – Negligent Hiring**

Third-Party Plaintiffs allege Penton's employment responsibilities included driving to various Taco Bell locations owned by Third-Party Defendant Missouri Fiesta and that Missouri Fiesta failed to confirm whether Plaintiff held a valid driver's license at any time prior to, or during

her employment.

"Illinois law recognizes a cause of action against an employer for negligently hiring, or retaining in its employment, an employee it knew, or should have known, was unfit for the job so as to create a danger of harm to third persons." *Van Horne v. Muller,* 185 Ill.2d 299, 705 N.E.2d 898, 904 (Ill. 1998). "An action for negligent hiring or retention of an employee requires the plaintiff to plead and prove (1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Id.* Because "liability arises in this context when a *particular* unfitness of an employee gives rise to a particular danger of harm to third parties," *Id.* at 905, a plaintiff must establish "a sufficient nexus between the particular alleged unfitness of [the employee] and the injury suffered by plaintiff." *Id.* "The particular unfitness of the employee must have rendered the plaintiff's injury foreseeable to a person of ordinary prudence in the employer's position." *Id.* at 906.

Here, Third-Party Plaintiffs allege Third-Party Defendant failed to confirm whether Plaintiff held a valid driver's license at the time of her hiring. However, the Third-Party Complaint fails to allege that Penton did not have a valid driver's license at the time of her hiring. While Third-Party Plaintiffs allege Penton did not have a valid driver's license on the date of the accident on June 10, 2017, there are no factual allegations as to whether Penton possessed a valid license when she was hired on December 15, 2016. Third-Party Plaintiffs fail to allege Penton had a particular unfitness at the time she was hired. The allegations are insufficient to state a cause of action against Missouri Fiesta for negligent hiring. Count I will be dismissed.

**Count II – Negligent Supervision**

Third-Party Plaintiffs allege Third-Party Defendant breached a duty by failing to exercise ordinary care in supervising Plaintiff when they caused her to operate a motor vehicle as part of her regular duties on June 10, 2017 and Plaintiff illegally operated her motor vehicle without a current license [2] and that as a direct and proximate result of the Third-Party Defendant's negligence, Plaintiff was involved in the motor vehicle accident with Third-Party Plaintiff Khoshaba.

To state a cause of action for negligent supervision, the plaintiff must plead facts establishing that: (1) the defendant had a duty to supervise the harming party, (2) the defendant negligently supervised the harming party, and (3) such negligence proximately caused the plaintiff's injuries. *Van Horne*, 294 Ill. App. 3d 649, 657, 691 N.E.2d 74, 79 (1998). It is not required that the supervisor have prior notice of a particular unfitness because reasonable performance of the duty to supervise will put the supervisor on notice of an employee's conduct or perhaps prevent the employee's tortious conduct all together. *Doe v. Coe*, 2019 IL 123521, ¶ 61, 135 N.E.3d 1, 16 (2019). To impose a duty to supervise, only general foreseeability is required in an employment context. *Id*.

It is generally foreseeable that a motor vehicle accident could occur when an unlicensed employee is instructed to drive in the course of her employment. Third-Party Defendant's duty to reasonably supervise Plaintiff, predicated on the employment relationship and this general foreseeability, is sufficient assuming Third-Party Plaintiffs can prove their allegations. Third-

---

[2] The Court acknowledges that Missouri Fiesta asserts discovery in this lawsuit confirms Penton was licensed at the time of the accident, however, in reviewing the Motion to Dismiss the Court will not consider any discovery outside the pleadings.

Party Plaintiffs alleged that Third-Party Defendants failed to exercise ordinary care in supervising Plaintiff when they caused Plaintiff to operate a motor vehicle without a valid driver's license. The Court, does not, at this stage, determine whether negligence has been proven but merely whether facts have been alleged that, if proven, could entitle Third-Party Plaintiffs to recovery. The Court finds Third-Party Plaintiffs have alleged facts sufficient that the fact-finder could find Third-Party Defendant breached their duty to supervise Plaintiff by failing to ensure she had a valid driver's license prior to instructing her to drive in the course of her employment. The motion to dismiss Count II is denied.

**Count III – Negligent Entrustment**

An action for negligent entrustment "consists of entrusting a dangerous article to another whom the lender knows, or should know, is likely to use it in a manner involving an unreasonable risk of harm to others." *Zedella v. Gibson*, 165 Ill. 2d 181, 186–87, 650 N.E.2d 1000, 1002–03 (1995). The general rule of liability for negligent entrustment is set forth in section 308 of the Restatement (Second) of Torts: "It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." (Restatement (Second) of Torts § 308 (1965). Comment *a* to section 308 explains further: "The words 'under the control of the actor' are used to indicate that the third person is entitled to possess or use the thing or engage in the activity only by the consent of the actor, and that the actor has reason to believe that by withholding consent he can prevent the third person from using the thing or engaging in the activity." Restatement (Second) of Torts § 308, Comment *a,* at 100 (1965).

Third-Party Plaintiffs fail to allege Third-Party Defendant entrusted anything to Plaintiff

in this case. There is no allegation Missouri Fiesta loaned Plaintiff the automobile that she was driving at the time of the collision. This claim fails because there is no allegation as to what "dangerous article" was in control of Third-Party Defendant that was entrusted to Plaintiff. Count III is dismissed.

**Count IV – Negligent Retention**

The elements for a claim of negligent retention are the same as for negligent hiring. Plaintiffs must "plead and prove (1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Van Horne*, 185 Ill. 2d at 311, 313, 705 N.E.2d 898 (1998). Like a negligent hiring claim, a plaintiff must show that the employee was unfit in a particular manner, which particular unfitness "must have rendered the plaintiff's injury foreseeable to a person of ordinary prudence in the employer's position." *Doe v. Coe*, 2019 IL 123521, ¶ 66, 135 N.E.3d 1, 17 (2019).

Third-Party Plaintiffs allege Plaintiff was employed in a position which required use of a driver's license and that Third-Party Defendant knew, or should have known, that Plaintiff did not have a valid driver's license at the time of the collision. Third Party Plaintiffs sufficiently allege Plaintiff was unfit in a particular manner for her position because she lacked a driver's license. If Third-Party Plaintiffs can prove their allegations, a jury could determine the lack of a valid driver's license rendered Third-Party Plaintiff's injury foreseeable as a result of a motor vehicle accident. The Court, does not, at this stage, determine whether negligence has been proven but merely whether facts have been alleged that, if proven, could entitle Third-Party Plaintiffs to recovery.

The Court finds Third-Party Plaintiffs have alleged facts sufficient that the fact-finder could find Third-Party Defendant breached their duty in retaining Plaintiff in her position. The motion to dismiss Count IV is denied.

## Conclusion

For the reasons set forth above, the Motion to Dismiss (Doc. 62) is **GRANTED IN PART, DENIED IN PART**. Counts I and III are dismissed without prejudice. Third-Party Plaintiffs proceed on Counts II and IV.

**IT IS SO ORDERED.**

**DATED:** April 2, 2020

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**