IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIFFANY PENTON,

Plaintiff,

v.

STEVEN SHAER KHOSHABA and METRO PARCEL FREIGHT, INC.,

Defendants/Third-Party Plaintiffs,

v.

MISSOURI FIESTA, INC.

Third-Party Defendant,

and

AMCO INS. CO.,

Intervenor.

Case No. 18-cv-1385-RJD

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Third-Party Plaintiffs' Motion to Stay Third-Party Defendant Missouri Fiesta, Inc.'s Motion for Summary Judgment in Order to Conduct Discovery (Doc. 108). Third-Party Defendant Missouri Fiesta responded (Doc. 112). As explained further, Third-Party Plaintiffs' motion is **DENIED**.

**Background**

Plaintiff Tiffany Penton filed this personal injury suit against Defendants Khoshaba and

Metro Parcel, Inc. for damages Plaintiff allegedly sustained in a motor vehicle accident with a semi-trailer driven by Khoshaba. At the time of the accident, Khoshaba was employed by Metro Parcel, Inc. ("Metro Parcel") and Plaintiff was employed by Missouri Fiesta, Inc. (a franchisee of Taco Bell). Plaintiff worked at a Taco Bell location in Springfield, Illinois, and on the date of the accident she was going to work at the DuQuoin, Illinois Taco Bell (Doc. 101, p. 4).

Missouri Fiesta, Inc. ("Missouri Fiesta") maintained a workers' compensation policy with AMCO Insurance Co. AMCO filed a Complaint in Intervention in this matter, alleging that Plaintiff was acting within the scope of her employment when the accident between Plaintiff and Khoshaba occurred. AMCO seeks reimbursement for the workers' compensation payments paid to Plaintiff.

Khoshaba and Metro Parcel Freight, Inc. filed four third-party claims against Missouri Fiesta, who filed a Motion to Dismiss. After the Court ruled on the Motion to Dismiss, Khoshaba and Metro Parcel Freight proceeded on two claims against Missouri Fiesta: negligent supervision and negligent retention. Khoshaba and Metro Parcel Freight alleged that Missouri Fiesta was liable under these theories because it did not confirm that Plaintiff had a valid driver's license before sending her to work at the DuQuoin Taco Bell (Doc. 58).

Missouri Fiesta filed a Motion for Summary Judgment, contending that the undisputed evidence establishes that Plaintiff possessed a driver's license on the date of the accident, and Missouri Fiesta confirmed her license prior to sending her to DuQuoin. Khoshaba and Metro Parcel filed the instant motion, asking the Court to stay Missouri Fiesta's summary judgment motion because they do not have Missouri Fiesta's initial disclosures or answers to written discovery. Khoshaba and Metro Parcel sent Missouri Fiesta the written discovery requests on November 9, 2020-the same day they filed the instant motion (Doc. 112). Khoshaba and Metro

Parcel also want to depose a district manager for Missouri Fiesta.

**Discussion**

When there is a pending motion for summary judgment, the Court may defer ruling on the motion to allow the parties time to conduct additional discovery if the party opposing summary judgment can establish "specified reasons" why it cannot present facts to support its response to the motion for summary judgment. Fed. R. Civ. P. 56(d). Here, Third-Party Plaintiffs have provided the Court with specific discovery they want to conduct before responding to Missouri Fiesta's Motion for Summary Judgment. However, they have not provided any specific information as to how that discovery may lead to facts that support their Response to the Motion for Summary Judgment.

Third-Party Plaintiffs' claims against Missouri Fiesta were based on one allegation-that Missouri Fiesta did not determine whether Plaintiff had a driver's license prior to her accident with Khoshaba. Missouri Fiesta's Motion for Summary Judgment asserts that the undisputed evidence shows that Plaintiff had a driver's license on the day of the accident, and Missouri Fiesta confirmed that she was licensed prior to the accident. In their Motion to Stay the Motion for Summary Judgment, Third-Party Plaintiffs fail to establish or even discuss whether the additional discovery they want to pursue (Missouri Fiesta's Initial Disclosures, responses to written discovery, and a deposition of a district manager) could create a genuine issue of material fact as to whether or not Missouri Fiesta confirmed Plaintiff's license prior to the accident.

The Court recognizes that legal theories evolve during litigation, and the Federal Rules of Civil Procedure "are drafted flexibly so parties may tailor their theories as they conduct discovery." *Indianapolis Airport Auth. v. Travelers Property Casualty Co. of America*, 849 F.3d 355, 366 (7th Cir. 2017). But Third-Party Plaintiffs have not filed any pleadings reflecting how their legal

theory has changed since they filed the Third-Party Complaint against Missouri Fiesta. What they seem to be asking for is time to conduct more discovery so that they can develop an alternate theory, as it appears that Plaintiff had her driver's license on the day of the accident. The Court cannot permit fishing expeditions under the guise of discovery. *E.E.O.C. v. Harvey L. Walner & Asso.*, 91 F.3d 963, 972 (7th Cir. 1996).[1] Accordingly, Third-Party Plaintiffs' Motion to Stay Third-Party Defendant Missouri Fiesta, Inc.'s Motion for Summary Judgment is **DENIED**. Third-Party Plaintiffs shall respond to Missouri Fiesta, Inc's Motion for Summary Judgment on or before **December 15, 2020**.

**IT IS SO ORDERED.**

**DATED: December 1, 2020**

s/ Reona J. Daly
**Hon. Reona J. Daly**
**United States Magistrate Judge**

1 Missouri Fiesta's overdue Initial Disclosures were never brought to the Court's attention pursuant to the instructions for discovery disputes found in the Order at Doc. 16. Missouri Fiesta's response to the Motion to Stay seems to suggest Missouri Fiesta is only going to provide its Initial Disclosures if the Court grants the Motion to Stay. The parties are reminded of their continuing discovery obligations under the Federal Rules of Civil Procedure.