IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIFFANY PENTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1385-RJD |
| | ) | |
| STEVEN SHAER KHOSHABA and METRO | ) | |
| PARCEL FREIGHT, INC., | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MISSOURI FIESTA, INC. | ) | |
| | ) | |
| Third-Party Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMCO INS. CO., | ) | |
| | ) | |
| Intervenor. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Leave to File First Amended Complaint by Defendants/Third-Party Plaintiffs Steven Shaer Khoshaba and Metro Parcel Freight, Inc.  (Doc. 122).   Third-Party Defendant Missouri Fiesta, Inc. responded (Doc. 123).   As explained further, Third-Party Plaintiffs' Motion is DENIED.   This matter also comes before the Court on Third-Party Defendant's Motion for Summary Judgment (Docs. 100 and 101).   Third-Party Plaintiffs did not file a Response.   The Motion for Summary Judgment is GRANTED.

**Background**

This case involves a traffic accident that occurred between Plaintiff Tiffany Penton and Defendant Steven Shaer Khoshaba.   At the time of the accident, Khoshaba was driving a semi-tractor and was employed by Metro Parcel Freight, Inc ("Metro Parcel").   Plaintiff was employed by Missouri Fiesta, Inc. (a franchisee of Taco Bell).   Plaintiff worked at a Taco Bell location in Springfield, Illinois and was traveling to work at a Taco Bell in DuQuoin, Illinois when the accident occurred.   Missouri Fiesta, Inc. ("Missouri Fiesta") maintained a workers' compensation policy with AMCO Insurance Co ("AMCO").   AMCO intervened in this matter, alleging that Plaintiff was acting within the scope of her employment when the accident between Plaintiff and Khoshaba occurred.

Plaintiff filed suit against Metro Parcel and Khoshaba on July 13, 2018.   Defendants answered on August 27, 2018.   Plaintiff and Defendants submitted a Joint Report of Parties and Proposed Scheduling and Discovery Order which included a deadline of December 26, 2018 to file amended pleadings, including the commencement of a third-party action.[1]   On October 18, 2018, counsel for AMCO entered and filed AMCO's Intervenor Complaint.   On December 26, 2018, Metro Parcel and Khoshaba filed a Motion to Extend the Deadline to File Amended Pleadings to February 28, 2019.   The Court granted the Motion, but February 28, 2019 passed without the parties filing amended pleadings.

On November 13, 2019, Metro Parcel and Khoshaba moved the Court for leave to file a third-party complaint against Missouri Fiesta.   They explained that they were not able to meet the

---

[1]  Pursuant to the form Proposed Scheduling and Discovery Order that parties are directed to use, amended pleadings (including the commencement of third-party litigation) should be filed within 90 days of the Initial Scheduling Conference.

February 28, 2019 amended pleading deadline because at that time, they had not received written discovery responses from Plaintiff or AMCO, and Plaintiff's deposition did not occur until August 2, 2019.   The Court granted Metro Parcel and Khoshaba leave to file their Third-Party Complaint containing four claims against Missouri Fiesta, who filed a Motion to Dismiss.   After the Court ruled on the Motion to Dismiss, Khoshaba and Metro Parcel proceeded on two claims against Missouri Fiesta: negligent supervision and negligent retention.   Khoshaba and Metro Parcel Freight alleged that Missouri Fiesta was liable under these theories because it did not confirm that Plaintiff had a valid driver's license before sending her to work at the DuQuoin Taco Bell (Doc. 58).

On October 7, 2020, Missouri Fiesta filed a Motion for Summary Judgment, contending that the undisputed evidence shows that Plaintiff held a valid driver's license at the time of the accident.   To support this contention, Missouri Fiesta submitted Plaintiff's deposition (taken August 2, 2019), Plaintiff's responses to Requests for Admission (submitted December 6, 2019), and the deposition of Kizer Sterbinsky, a manager at the Springfield, Illinois Taco Bell (taken April 27, 2020).

Khoshaba and Metro Parcel never responded to Missouri Fiesta's Motion for Summary Judgment.   On the date their Response was due, they filed a Motion to Stay Missouri Fiesta's summary judgment motion because they did not have Missouri Fiesta's initial disclosures or answers to written discovery.   Khoshaba and Metro Parcel sent Missouri Fiesta the written discovery requests on November 9, 2020-the same day they filed the Motion to Stay (Doc. 112). Khoshaba and Metro Parcel also wanted to depose a district manager for Missouri Fiesta.   The Court denied the Motion to Stay because it did not provide the Court with any specific information regarding why additional discovery was necessary for Third-Party Plaintiffs to respond to the

Page **3** of **7**

Motion for Summary Judgment.   The Court ordered Third-Party Plaintiffs to file their Response to the Motion for Summary Judgment on or before December 15, 2020.   Third-Party Plaintiffs filed the Motion to Amend their Complaint on December 15, 2020 instead of a Response to the Motion for Summary Judgment.

**Third-Party Plaintiffs' Motion for Leave to File First Amended Complaint**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires."   However, Federal Rule of Civil Procedure 16 requires the Court to issue Scheduling Orders as "soon as practicable" and those Scheduling Orders must include a deadline for amended pleadings.   *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011).   Once the deadline expires, a party may still be allowed to file an amended pleading if the party can establish that good cause exists for the amendment. *Id*. at 719-20.

Khoshaba and Metro Parcel did not demonstrate that good cause exists to allow them to amend their complaint against Missouri Fiesta.   Khoshaba and Metro Parcel refer to information learned from Plaintiff's deposition in their Motion for Leave, but that deposition took place 15 months before Khoshaba and Metro Parcel filed this motion.   In fact, Plaintiff gave her deposition three months before Khoshaba and Metro Parcel asked for leave to file their original Complaint against Missouri Fiesta.   Khoshaba and Metro Parcel also refer to Missouri Fiesta's recent responses to written discovery, but do not provide any indication that Missouri Fiesta's responses provided new information that led to the allegations in the amended Complaint.   The new allegations in the proposed amended third-party complaint relate to Plaintiff's driving record and cannabis use.

Khoshaba and Metro Parcel contend that "in light of the Court's December 1, 2020 ruling,"

they want to amend their supervision claim.   In its December 1, 2020 ruling, the Court ordered

Khoshaba and Metro Parcel to respond to Missouri Fiesta's Motion for Summary Judgment on or

before December 15, 2020.   Instead of filing a Response, they filed the instant Motion.   As the

Court noted in the December 1, 2020 Order, it is certainly common for a litigant's legal theory to

evolve during litigation, and the Federal Rules of Civil Procedure "are drafted flexibly so parties

may tailor their theories as they conduct discovery."   *Indianapolis Airport Auth. v. Travelers

Property Casualty Co. of America*, 849 F.3d 355, 366 (7th Cir. 2017).   Here, however, Khoshaba

and Metro Parcel did not tailor their theories as they conducted discovery.   A year before they

filed the instant motion, they learned that Plaintiff had a valid driver's license on the date of the

accident. Doc. 101-2.   Without good cause, the Court cannot permit Khoshaba and Metro Parcel

to amend their complaint at this late stage in the litigation.   Accordingly, Third-Party Plaintiffs'

Motion for Leave to File First Amended Complaint is DENIED.

**Third-Party Defendant's Motion for Summary Judgment**

Summary judgment is appropriate only if the moving party can demonstrate "that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."   FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-

Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).   The

moving party bears the initial burden of demonstrating the lack of any genuine issue of material

fact.   *Celotex*, 477 U.S. at 323.   Once a properly supported motion for summary judgment is

made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).   A genuine issue of material fact exists

when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at

248).   In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Khoshaba and Metro Parcel contend that Missouri Fiesta, as Plaintiff's employer, is liable under the Illinois Joint Tortfeasor Contribution Act pursuant to the theories of negligent retention and negligent supervision.   In the negligent retention claim, Khoshaba and Metro Parcel must "prove (1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury."  *Doe v. Coe*, 2019 IL 123521, ¶66.   Khoshaba and Metro Parcel allege that Missouri Fiesta knew Plaintiff did not have a driver's license and therefore negligently employed Plaintiff in a position that required her to drive a motor vehicle.   Missouri Fiesta presents undisputed evidence establishing that Plaintiff did, in fact, have a driver's license on the day of the accident.[2]   Accordingly, Missouri Fiesta is entitled to summary judgment on the negligent retention claim (Count IV).

As for the negligent supervision claim, Khoshaba and Metro Parcel must prove that (1) Missouri Fiesta had a duty to supervise Plaintiff; (2) Missouri Fiesta negligently supervised Plaintiff; and (3) such negligence proximately caused Plaintiff's injuries.   *Doe* , 2019 IL 123521, ¶¶52, 61.   Khoshaba and Metro Parcel alleged that Missouri Fiesta breached its duty to supervise Plaintiff by requiring her to drive a motor vehicle without a driver's license.   Again, as there is

---

[2]  Pursuant to SDIL Local Rule 7.1(c), a party's failure to respond to a motion for summary judgment may be considered an admission of the motion's merits.   Khoshaba and Metro Parcel never responded to Missouri Fiesta's Motion for Summary Judgment.

undisputed evidence establishing that Plaintiff was licensed to operate a motor vehicle on June 10, 2017, Missouri Fiesta is also entitled to summary judgment on the negligent supervision claim (Count II).

## CONCLUSION

Third-Party Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 122) is DENIED.   Third-Party Defendant's Motion for Summary Judgment (Doc. 100) is GRANTED. Count II and Count IV of Third-Party Plaintiffs' Complaint against Third-Party Defendant are DISMISSED WITH PREJUDICE.    The Clerk of Court is directed to enter judgment accordingly at the conclusion of the case.

**IT IS SO ORDERED.**

**DATED:   March 4, 2021**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**