IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIFFANY PENTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1385-RJD |
| | ) | |
| STEVEN SHAER KHOSHABA and METRO | ) | |
| PARCEL FREIGHT, INC., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMCO INS. CO., | ) | |
| | ) | |
| Intervenor. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion for Summary Judgment (Docs. 96, 97, 98, and 99).   Plaintiff responded (Doc. 107) and Defendants filed a Reply (Doc. 114).   Plaintiff filed a Motion to Strike Defendants' Reply (Docs. 116 and 117).   As explained further, Defendants' Motion is DENIED.   Plaintiff's Motion to Strike is DENIED.

**Background**

The Court reviews the evidence and draws all reasonable inferences in the light most favorable to Plaintiff.   *Driveline Systems, LLC v. Arctic Cat, Inc*., 936 F.3d 576, 579 (7th Cir. 2019) (internal citations omitted).   This case involves a traffic accident that occurred between Plaintiff Tiffany Penton and Defendant Steven Shaer Khoshaba on June 10, 2017.   At the time of the accident, Khoshaba was driving a semi-tractor and was employed by Metro Parcel Freight, Inc.

(Doc. 99-5, p. 16-17).   Plaintiff worked at a Taco Bell location in Springfield, Illinois and was traveling to work at a Taco Bell in Du Quoin, Illinois on June 9, 2017 (Doc. 99-2, p. 13, 15). Plaintiff did not take a direct route as she traveled south from Springfield to Du Quoin, having to return to Springfield approximately one hour into her trip for directions (*Id*., p. 19-21).   She then attempted to travel south to Du Quoin a second time (*Id*., p. 21-22).   At approximately 12:15 a.m. on the morning of June 10, 2017, Plaintiff stopped at a hospital in Herrin, Illinois (which is approximately 25 miles southeast of Du Quoin).[1]   The accident then occurred at a location 50 miles south of Du Quoin on Interstate 57 in Pulaski County, Illinois.

Prior to the collision, Defendant Khoshaba was traveling south at a speed of 67 to 68 miles on a stretch of the interstate where the posted speed limit is 70 miles an hour (Doc. 99-5, p. 64). He was using the low beams on the truck, meaning that he was only using two of his four headlights (*Id*., p. 38).   He was not using the high beams (all four headlights) to avoid interfering with northbound traffic (*Id*.).   However, he does not remember whether there was any northbound traffic at the time of the accident (*Id*.).   The low beams on Defendant Khoshaba's truck illuminated approximately 20-30 feet in front of the truck (*Id*., p. 39-40).

Defendant Khoshaba was familiar with the area, as it was part of a regular route that he traveled 7-8 times a month (*Id*., p. 21).   At the site of the collision, the highway is straight with no hills (Doc. 99-5, p. 37; Doc. 107-4, p. 27).   Defendant Khoshaba noticed a light approximately 40-50 feet in front of his vehicle (Doc. 99-5, p. 95).   Another truck in the left lane prevented him from switching lanes (Doc. 99-5, p. 73).   He started braking when he was approximately 30-40

---

[1] Defendants do not cite to any portion of the record regarding the hospital visit in Herrin, but Plaintiff does not dispute that she stopped at the Herrin hospital at approximately 12:15 a.m., or that Herrin is approximately 25 miles south of Du Quoin.

feet from the light (*Id.*, p. 22).   He realized the light was Plaintiff's vehicle (also headed south) when he was 20-30 feet from it (*Id.*, p. 97-98).   He believes that Plaintiff was either stopped on the road or traveling less than five miles an hour (*Id.*, p. 76).   He testified that he steered his truck to the shoulder of the highway to avoid colliding with Plaintiff, but that she also moved her car to the shoulder where their vehicles collided (*Id.*, p. 70).   Plaintiff has no recollection of the accident (Doc. 99-2, p. 23).

Illinois State Trooper Chad Pardee investigated the accident and completed the traffic crash report.   He arrived at the scene at approximately 3:45 a.m (Doc. 107-4, p. 11-12).   At his deposition, Trooper Pardee testified that he noted his observations of the scene in the traffic crash report (*Id.*, p. 16).   The report states "there were no skid marks prior to impact" (Doc. 107-5, p. 2).   Trooper Pardee further testified that he concluded the collision occurred in the right lane because there was contact debris in the right lane and "yaw marks on the shoulder in the direction [Plaintiff's car] came to a rest, which would have led me to believe that the vehicle was sliding sideways across the shoulder post crash" (Doc. 107-4, p. 28).

## Legal Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).   The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.   *Celotex*, 477 U.S. at 323.   Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).   A genuine issue of material fact exists

Page **3** of **7**

when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248).   In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.   *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### Discussion

Defendants argue that summary judgment should be granted in their favor because Plaintiff cannot establish that Defendants were negligent, or that Defendants' negligence was the proximate cause of her injuries.   The Court is not persuaded by these arguments.   Summary judgment is not appropriate where "the record presents the trier of fact with two plausible and conflicting versions" *Perez v. K&B Transportation, Inc.*, 967 F.3d 651, 656-57 (7th Cir. 2020).

All of Defendants' legal arguments assume that the collision could only have occurred as Defendant Khoshaba recalls.   According to Defendant Khoshaba's version of events, he was traveling below the posted speed limit when he came upon Plaintiff's stopped (or nearly stopped) vehicle in the highway that he could not avoid, so he steered his truck to the shoulder of the highway, just as Plaintiff also drove her vehicle to the shoulder.   Defendants claim that they are entitled to summary judgment because there are no other eyewitnesses.[2]   This argument ignores a basic principle of evidence reflected in the Seventh Circuit Pattern Jury Instructions, that "the law makes no distinction between the weight to be given either direct or circumstantial evidence." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100, (2003) (internal citations omitted).

In some cases, "[c]ircumstantial evidence is not only sufficient, but also may be more

---

[2] The driver of the other truck in the left lane did not stop after the accident, and presumably the parties never located him/her.

certain, satisfying, and persuasive than direct evidence." *Id.* (*quoting Rogers v. Missouri Pacific R.Co.*, 352 U.S. 500, 508, n. 17 (1957)).   Of course, in a summary judgment motion, the Court does not weigh evidence, but that is what Defendants are asking this Court to do.   From the circumstantial evidence, a reasonable jury could infer that Defendant Khoshaba negligently failed to use his high beam lights.   It was very early in the morning when the accident occurred, and the parties were traveling on a straight stretch of the highway where there were no hills.   Defendant Khoshaba's only explanation for using the low beams was that he did not want to "bother" oncoming traffic.   However, he does not remember whether there was any oncoming traffic.

Because there were no skid marks, a reasonable jury could also infer that Defendant Khoshaba did not attempt to brake to avoid the collision.   After hearing Trooper Pardee's opinions regarding the marks and debris in the road, the jury may likewise infer that Defendant Khoshaba did not attempt to move to the shoulder.   Without braking or otherwise attempting to avoid the collision, the jury could infer that Defendant Khoshaba did not notice Plaintiff's car before the collision, indicating that he was not keeping a proper lookout (either because he was not paying attention or not using his high beams).      In sum, the jury could infer that Defendant Khoshaba's failure to keep a proper lookout proximately caused the accident.

In their Reply, Defendants argue that Trooper Pardee is not qualified to testify as an expert witness regarding the conclusions he made at the scene of the accident because he did not base the conclusions on "scientific reason."   Defendants never filed a *Daubert* motion asking the Court to exclude Trooper Pardee's opinions at trial. [3]   Of course, only admissible evidence can be considered for purposes of summary judgment. *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir.

---

[3] Pursuant to the undersigned's case management procedures, *Daubert* motions are due on the deadline for dispositive motions.

2009).   However, the Court has no basis at this time to find that Trooper Pardee's opinions are inadmissible.   Trooper Pardee testified that he received training in accident reconstruction at the Illinois State Police Academy related to debris and marks on the roadway (Doc. 107-4, p. 9).   His opinions in this case are related to the debris and marks in the roadway following the accident. For purposes of ruling on the instant Motion, Trooper Pardee's training is sufficient for the Court to consider his opinions on the debris and marks in the roadway. Fed. R. Evid. 702 (an expert may be qualified by training or education).

The evidence presents conflicting versions of events regarding the proximate cause of the accident.   This is not an appropriate case for summary judgment.   Defendants' Motion is DENIED.

**Plaintiff's Motion to Strike Defendants' Reply**

Plaintiff asks the Court to strike Defendants Reply because it constitutes an improper request to exclude Trooper Pardee's testimony, as well as the testimony of Plaintiff's retained expert witness.[4]   Plaintiff is correct that if Defendants want the Court to exclude proposed expert testimony, Defendants must file a motion that specifically makes that request.   Fed. R. Civ. P. 7(b).   However, because the Court can only consider admissible evidence when ruling on summary judgment, it was not improper for Defendants to make this argument.   Plaintiff's Motion to Strike is DENIED.

## CONCLUSION

Defendants' Motion for Summary Judgment (Docs. 96, 97, 98, and 99) is DENIED. Plaintiff's Motion to Strike (Docs. 116 and 117) is DENIED.

---

[4]  The Court did not rely on the opinions by Plaintiff's retained expert in denying Defendants' motion and therefore did not address the qualifications of Plaintiff's retained expert.

**IT IS SO ORDERED.**

**DATED:   August 23, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**